**In re CARROM TRADEMARK LITIGATION.**

**No. 61.**

Judicial Panel on Multidistrict Litigation.

Jan. 20, 1971.

Dissenting Opinion Feb. 4, 1971.

Stanley A. Weigel, Judge of the Panel, dissented.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL,* Judges of the Panel.

1017

OPINION AND ORDER

PER CURIAM.

The four actions in three districts now before the Panel involve questions of trademark infringement, unfair competition and antitrust violations in the manufacture and sale of combination game boards, wooden boards on which a variety of games may be played. The central parties in these actions are Affiliated Hospital Products, Inc., which manufactures and sells a game board under the trademarks "Carrom" and "Carroms," and Merdel Game Manufacturing Co., which produces a game board under the name of "Carom." In 1967, an action for trademark infringement by Affiliated against Merdel was settled by an agreement between the parties concerning their respective uses of their trademarks and names. Two years later, Affiliated sued Merdel and its local representative in the Southern District of New York, alleging breach of the settlement agreement, trademark and copyright infringement and unfair competition. Affiliated also brought two actions in the Southern District of Texas, one against Montgomery Ward, Merdel's major customer, and the second against Merdel, Montgomery Ward and Coleco Industries, Inc., a new entrant in the game board field. The first action alleged trademark infringement and "palming off" of others' products as Affiliated's and the second alleged that the three defendants had conspired to destroy Affiliated's trademark in violation of the antitrust laws. Merdel then filed a fourth suit in the Western District of Michigan, alleging that Affiliated and its parent, United Industrial Corp., had conspired to create a monopoly for Affiliated in the national game board market.

Merdel has requested the Panel to transfer all other actions to the Western District of Michigan for coordinated or

* Judge Weigel was unable to attend the hearing in this matter but with the consent of the parties he has participated in this decision.

consolidated pretrial proceedings with its case pending there. Affiliated and its parent, United Industrial, oppose this motion but suggest in the alternative that the Southern District of New York would be a more convenient transferee forum, should transfer be ordered. Coleco, Montgomery Ward and the other parties have agreed to transfer to Michigan, although Coleco has stated its preference for New York as a more convenient forum.

██ With the possible exception of the antitrust claims, it is clear that a common core of fact questions exists in all four actions concerning the validity of Affiliated's trademark, Merdel's alleged infringement of that trademark and the effect of the 1967 settlement agreement. These questions are admittedly not so complex as the fact questions in the IBM antitrust litigation, In re IBM Antitrust Litigation, 302 F. Supp. 796 (Jud.Pan.Mult.Lit.1969), but we conclude that they are sufficiently complex, considering the common parties to the litigation, to merit coordinated or consolidated pretrial proceedings under section 1407. In re CBS Licensing Antitrust Litigation (Jud.Pan.Mult.Lit. 1971). The advantages of coordinated or consolidated pretrial proceedings, however, can best be obtained by transfer of all actions to the Southern District of New York, rather than to Michigan. Judge Harold R. Tyler, Jr., to whom the New York case has been assigned, has become acquainted with the factual background of these cases and discovery is well advanced in the action before him. Affiliated maintains that it has completed its discovery there, at least some of which is relevant to the common questions, and Merdel is well into its discovery. And the advantages of transfer can be gained with little inconvenience to the parties since Affiliated, Merdel and Merdel's New York representative are already engaged in litigation there, and United Industrial and Coleco are located either in or adjacent to the Southern District of New York.[1]

Affiliated argues that the antitrust counts in these actions involve no questions of fact in common with the other actions or with each other. Merdel and Coleco dispute this, asserting that the antitrust claims also rest on common fact questions concerning the trademarks. We think these antitrust claims should at least initially be transferred to the Southern District of New York with the rest of this litigation. This transfer is without prejudice to the privilege of a party or the transferee judge to later move or suggest that the antitrust claims be separated and remanded to the court of origin prior to completion of pretrial proceedings.[2]

We conclude that these four actions contain common questions of fact and that coordinated or consolidated pretrial proceedings in these actions would be for the convenience of the parties and witnesses and would advance the just and efficient conduct of the litigation.

It is therefore ordered that the actions listed on the attached Schedule A pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and with the written consent of that Court.

---

1. By contrast, there seems to be little reason for transfer to Michigan. The presence of Affiliated's plant and Merdel's offices and plant there is not a convincing reason for transfer. And the filing of the settlement agreement in Michigan is of little relevance for the Michigan court possesses no special expertise in the construction of that agreement.

2. Section 1407(a) provides, in pertinent part:
   * * * That the Panel may separate any claim, cross-claim, counter-claim or third-party claim and remand any of such claims before the remainder of the action is remanded.

assigned to the Honorable Harold R. Tyler, Jr., for coordinated or consolidated pretrial proceedings.

STANLEY A. WEIGEL, Judge of the Panel (dissenting):

I respectfully dissent.

## SCHEDULE A

### Western District of Michigan

| | |
|---|---|
| Merdel Game Manufacturing Co. v. Affiliated Hospital Products, Inc., et al. | Civil Action No. 6405 |

### Southern District of Texas

| | |
|---|---|
| Affiliated Hospital Products, Inc. v. Montgomery Ward & Co., et al. | Civil Action No. 70–H–976 |
| Affiliated Hospital Products, Inc. v. Montgomery Ward & Co. | Civil Action No. 69–H–1186 |

### Southern District of New York

| | |
|---|---|
| Affiliated Hospital Products, Inc. v. Merdel Game Manufacturing Co., et al. | Civil Action No. 69–C–1016 |