## In re CAMCO PATENT INFRINGE-MENT LITIGATION.
### No. 101.
Judicial Panel on Multidistrict Litigation.
June 21, 1972.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

Plaintiffs, Camco Inc., Perry R. Bass, Inc. and Sid W. Richardson Foundation, Inc., filed an action in the Western District of Louisiana and another in the Northern District of Texas alleging infringement of patents held by them. Defendants in the Louisiana action counterclaimed to have the patents in issue declared invalid and not infringed and also alleged violations of the antitrust laws.

Plaintiffs have moved, pursuant to 28 U.S.C. § 1407, for transfer of the Louisiana action to the Northern District of Texas for coordinated or consolidated pretrial proceedings with respect to all matters involving the validity of any claim of any patent asserted in either action. Neither the Louisiana nor the Texas defendants oppose transfer of the patent claims. However, the Texas defendants have also moved to have the Louisiana defendants' antitrust counterclaim transferred for pretrial proceedings.[1] Plaintiffs appeared at the

---

\* Although Judges WISDOM and BECKER were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. The Louisiana and Texas defendants move to postpone the hearing in order to allow them time to file papers concerning transfer of the antitrust claim and to serve an additional party so it would be included in the transfer. We deny the motion because further briefing of this issue is unnecessary and because the addition of a party can be accomplished either before or after transfer.

hearing and did not object to transfer for all pretrial discovery. We find that transfer of the Louisiana action to the Northern District of Texas will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation.

Plaintiffs favor transfer to Texas because all issues of patent validity raised in the Louisiana action are also raised in the Texas action, although the converse may not be true. It is clear that the issues of patent validity raised in these two actions present common questions of fact and that consolidation for pretrial proceedings will avoid duplicative discovery and prevent inconsistent rulings. *Cf.* In re Embro Patent Infringement Litigation, 328 F.Supp. 507 (Jud.Pan.Mult.Lit.1971); In re Butterfield Patent Infringement Litigation, 328 F.Supp. 513 (Jud.Pan.Mult.Lit. 1970). We agree that the Northern District of Texas is the most appropriate transferee district.

We also believe it best to place all aspects of the litigation, the antitrust issues as well as the validity of the patents, before the transferee judge, who can best decide on the most expeditious manner of preparing the cases for trial. See In re Yarn Processing Patent Validity Litigation, 341 F.Supp. 1274 (Jud. Pan.Mult.Lit.1972); In re Carrom Trademark Litigation, 322 F.Supp. 1016 (Jud.Pan.Mult.Lit.1971).

It is therefore ordered that the action listed on the attached Schedule A pending in the Western District of Louisiana be, and the same hereby is, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Leo Brewster for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

SCHEDULE A

Western District of Louisiana

| | |
|---|---|
| Camco Inc., et al. v. Production Specialties, Inc., et al. | Civil Action No. 15,620 |

Northern District of Texas

| | |
|---|---|
| Camco Inc., et al. v. Teledyne, Inc., et al. | Civil Action No. 4–1085 |